LAW OFFICES OF
# MASTER, WEINSTEIN, SCHNOLL & DODIG, P.C.

SUITE 3620
1818 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19103

MICHAEL J. MASTER
KEVIN WEINSTEIN*
ALAN SCHNOLL
JOHN M. DODIG*†
STEPHEN E. FARBER
CHRISTOPHER T. MOYER*△
DEBRA L. FRANKEL*□

*ALSO MEMBER OF NEW JERSEY BAR
△ ALSO MEMBER OF NEW YORK BAR
□ ALSO MEMBER OF FLORIDA BAR
† LL.M. IN TRIAL ADVOCACY

(215) 557 - 7000
FAX: (215) 557 - 0100

NEW JERSEY OFFICE
4 SOUTH HADDON AVENUE
POST OFFICE BOX 642
HADDONFIELD, N.J. 08033
(856) 427 - 6500
FAX: (856) 427 - 6502

*Order to be filed of record*

FILED AUG - 2 2005 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

RECEIVED AUG 1 2005 Chambers of JUDGE ROBRENO

July 29, 2005

**VIA FIRST-CLASS MAIL ONLY**

Honorable Eduardo C. Robreno
U.S. Courthouse
601 Market Street, Room 11614
Philadelphia, PA 19106

8/1/05

Re: **Ronald Coleman, Individually and as the Administrator of the Estate of Robert Coleman vs. United States of America**
    **Civil Action No.: 04-3994**

Your Honor:

I am pleased that the above-referenced matter has been settled. It is my understanding that an allocation needs to be made between the Wrongful Death and Survival Claims. I would respectfully suggest that such an allocation should be made by the Trial Court. Towards this end, kindly accept this letter brief in support of a proposed allocation among the Wrongful Death and Survival Claims.

I am also submitting the herein letter brief to seek approval of the Twenty Five (25%) percent Fee Agreement which Plaintiff signed with this firm. In support of this request, I am attaching the Fee Agreement in addition to two Affidavits, that of Christopher Moyer, Esquire and myself to demonstrate the reasonableness of the fee. Mr. Moyer handled the case from its inception through the Rule 16 Scheduling Conference. Thereafter, I handled the case through its conclusion.

Mr. Robert Coleman died on December 11, 2003 leaving behind one beneficiary, his adult son, Mr. Ronald Coleman. Robert Coleman lived with his son for the last five years of his life.

The case of <u>Ringler Estate</u> 20 Fiduc. Rep. 499 (O.C. Somerset County 1979) delineates how to allocate between wrongful death and survival claims. In that case, the Court held that the law favors wrongful death beneficiaries over estate beneficiaries, and in making the determination of that allocation, we should maximize the wrongful death calculation. It has been held that:

Honorable Eduardo C. Robreno  
July 29, 2005  
Page Two

> [T]he award of damages in the survival claim based upon the estate's loss of decedent's earnings during his normal life expectancy must be reduced by the amount of probable money contributions awarded to the wrongful death beneficiaries..., thus giving priority to the wrongful death claim over the survival claim. <u>Krause v. B&O Railroad</u>, 5 Fiduc. Rep. 2d. 106 (O.C. Somerset County 1983).

The items of damages recoverable in a wrongful death action are:

1. Administration expenses;
2. Medical expenses;
3. Funeral expenses; and,
4. Probable contributions of the decedent to his beneficiaries from the date of his death which would include contributions for food, shelter, clothing, medical care, entertainment and recreation and gifts; and the reasonable money value of services, society and comfort to the beneficiaries.

<u>Wetzel v. McDonnell Douglas Corp.</u>, 491 F. Supp. 1288 (E.D. Pa. 1980).

The items of damage recoverable in the survival action include earnings up to the date of his death, earnings from the date of his death less his own probable and reasonable living expenses, and less the amount of probable money contributions payable to his beneficiaries, and pain and suffering. <u>Altamuro v. Milner Hotel, Inc.</u>, 540 F. Supp 870 (1982).

Based on applying the above components to the present matter, it would seem reasonable to allocate <u>90% of the death claim to the Wrongful Death, and 10% to the Survival claim</u>. This proposal is based on the following considerations:

1. The percentage of Mr. Coleman's future lost earnings from his pension ($807.00 per month) that probably would have been spent on his own personal maintenance, as well as that portion of his earnings that would comprise contributions for food, shelter, clothing, medical care, entertainment and recreation and gifts;
2. The reasonable money value of services, society and comfort to his son, Ronald Coleman;
3. The pain and suffering which was alleviated with medication from the time the delayed diagnosis/and or treatment were realized until the time of his death which period was approximately ten months.
4. The recoverable administration expenses;
5. The recoverable funeral expenses ($3,130.00);
6. The allocation in <u>Ringler Estate</u> (80% to Wrongful Death and 20% to Survival);
7. The allocation in <u>Webb Estate</u>, 21 Fiduc. Rep. 2d. 101, (O.C. Philadelphia County 2001)(90% to Wrongful Death and 10% to Survival); and,
8. <u>Krause v. B&O Railroad</u>, 5 Fiduc. Rep. 2d 106 (O.C. Somerset County 1983) where 100% was awarded to Wrongful Death.

Honorable Eduardo C. Robreno<br>
July 29, 2005<br>
Page Three

Based on the foregoing, , it is respectfully requested that this Honorable Court approve the allocation, as is set forth in the attached proposed Order that is being submitted with this letter. Plaintiff further respectfully requests that this Honorable Court approve counsel's fee based on the two attached Affidavits.

Thank you for your kind attention to the foregoing.

Respectfully submitted,

*[signature]*

DEBRA L. FRANKEL
DLF/km
Enclosures

cc: Gerald B. Sullivan, Esquire