IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased | : | CIVIL ACTION |
| VS. | : | |
| UNITED STATES OF AMERICA | : | NO. 04-3994 |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Plaintiffs' Petition for Approval of Settlement, Allocation of Proceeds, and Distribution of Proceeds, it is hereby ORDERED and DECREED that the settlement is APPROVED. It is further ORDERED and DECREED that the proceeds of this settlement shall be allocated and distributed as follows:

1. The total gross settlement in the amount of $285,000.00 is approved as fair and reasonable.

2. A counsel fee of 25% of the gross is APPROVED.

3. Ninety (90%) Percent of the recovery shall be allocated towards the wrongful death claim under the Pennsylvania Wrongful Death Statute, and Ten (10%) Percent shall be allocated towards the Survival claim under the Survival Act.

4. The specific distribution of the $285,000.00 settlement shall be made as follows:

    A.   To: Master, Weinstein, Schnoll & Dodig, P.C.
           Reimbursement of Costs                                         $ 17,913.37

    B.   To: Master, Weinstein, Schnoll & Dodig, P.C.
           Counsel Fee equal to 25% of the recovery of adult
           beneficiary, Ronald Coleman                         $ 71,250.00

    C.   To: Ronald Coleman
           Reimbursement of Funeral Expenses                    $ 3,130.00

| | | |
|---|---|---|
| D. | Wrongful Death Claim (90%)<br>To: Ronald Coleman the only<br>surviving beneficiary - son | $ 173,435.96 |
| E. | Survival Action (10%)<br>To: Ronald Coleman - son | $ 19,270.67 |

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased | : : : | CIVIL ACTION |
| VS. | : : | |
| UNITED STATES OF AMERICA | : | NO. 04-3994 |

**PLAINTIFF'S PETITION FOR APPROVAL OF WRONGFUL DEATH AND SURVIVAL CLAIMS AND ALLOCATION OF SETTLEMENT PROCEEDS**

Plaintiff, Ronald Coleman, Individually and as Administrator of the Estate of Robert W. Coleman, deceased by and through his undersigned counsel, hereby requests this Honorable Court approve the allocation of the net settlement proceeds between the wrongful death and survival claims.

1. Petitioner is the son of and only surviving heir and beneficiary of the Decedent, Robert W. Coleman.

2. Petitioner resides at 2639 Mercer Street, Philadelphia, Pennsylvania.

3. Plaintiff's decedent, Robert W. Coleman, resided with Petitioner at 2639 Mercer Street, Philadelphia, Pennsylvania.

4. Petitioner was appointed as Administrator of the Estate of Robert W. Coleman on January 13, 2004 by the Register of Wills of Philadelphia County. (See copy of Letters of Administration attached hereto as Exhibit "A.")

5. Plaintiff's decedent, Robert W. Coleman, was born on May 5, 1933, and his Social Security number was 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.

6. The Defendant is the United States of America.

7. This medical negligence action was based on an eleven month delay in diagnosis and/or treatment of lung cancer which, ultimately, it has been averred, led to the death of plaintiff's decedent, Robert W. Coleman. Plaintiff's decedent, Robert W. Coleman, was a long term recipient of care at the Veteran's Hospital. In preparation for back surgery, Mr. Coleman was given a pre-admission chest x-ray in February 2002, which showed a right upper lobe mass in his lung. Despite this fact, the mass was not worked up and he was give no treatment. A follow-up x-ray, performed on or about March 20, 2003, showed that the mass had grown in size and a CT guided biopsy was performed which revealed non small cell cancer. Despite treatment after this delay, plaintiff's decedent succumbed to his illness on December 11, 2003. (Attached hereto as Exhibit "B" is a copy of the Death Certificate of plaintiff's decedent, Robert W. Coleman.)

8. Petitioner, Ronald Coleman, Administrator of the Estate of Robert W. Coleman, deceased, requests that this Honorable Court approve the allocation of the net settlement proceeds with 90% allocated to the Wrongful Death claim and 10% allocated to the Survival Act Claim, due to the fact that, not only did plaintiff's decedent provide monetary and household support to his only surviving issue, his son, Ronald Coleman, as well as to his grandchildren and great-grandchildren, but his son, Ronald, is the sole beneficiary of his late father's estate. In addition, although plaintiff's decedent was diagnosed with terminal disease approximately 9 months prior to his death, he was well medicated with Morphine and other pain relievers and, as such, pain and suffering by the decedent was minimal. (Attached hereto as Exhibit "C" is a copy of the letter from the Pennsylvania Department of Revenue, approving te requested allocation.)

9. Counsel is of the professional opinion that the proposed settlement is reasonable.

10. Plaintiff believes that the proposed settlement is fair and reasonable.

11. The present Petition is being filed pursuant to the United States District Court

Rules for the Eastern District of Pennsylvania. Insofar as this case contains claims pursuant to Pennsylvania's Wrongful Death and Survival Statutes, the Court of Common Pleas of Philadelphia County, Orphans' Court Division and existing Pennsylvania law, Court approval is required for all actions in which a claim is made on behalf of a deceased individual and, therefor, application is hereby made to this Honorable Court for approval of the settlement, the allocation of the funds and the distribution of the settlement proceeds.

12. Counsel has incurred the following expenses for which reimbursement is sought:

Estate of Robert W. Coleman, deceased

| | |
|---|---|
| Court Filings/Service | $   300.00 |
| Expert Witnesses | $15,075.00 |
| Depositions | $ 2,132.39 |
| Medical Records | $   405.98 |
| TOTAL: | $17,913.37 |

13. The Pennsylvania Department of Public Welfare has not exerted a lien against the Estate. (See letter from the Pennsylvania Department of Public Welfare attached hereto and marked Exhibit "D.")

14. Counsel requests a fee in the sum of $71,250.00, which is Twenty Five (25%) Percent of the gross settlement. (See Fee Agreement Attached hereto as Exhibit "E.")

15. In support of Plaintiff's counsel's request for approval of the Fee Agreement, counsel submits that the Fee is commensurate with counsel's experience in the field of medical negligence. Moreover, counsel handled this matter from its inception through the present point, and work included, but was not limited to, investigating the matter, collecting and reviewing medical records, locating three experts and securing their reports, attending a Rule 16 Scheduling Conference, attending a Settlement Conference, drafting pleadings, responding to discovery, correspondence, telephone calls, research, client meetings, taking six depositions (four of which

were doctor's depositions), and defending Plaintiff's depositions.  See attached Exhibit "F", Affidavits of Christopher Todd Moyer, Esquire and Debra L. Frankel, Esquire. In addition, this request is further supported by the Federal Tort Claims Act permitted fee of Twenty-Five (25%) percent, and by the Philadelphia County presumptive lodestar of 1/3 which is greater than the fee counsel is requesting.  See Philadelphia County Local Rule 2039.2(F).

16. Counsel has not and will not receive collateral payments as counsel fees for representation involving the same matter from third parties (i.e. subrogation).

17. The net settlement payable to the Estate of Robert W. Coleman, deceased is $192,706.63, after deduction of costs and attorneys' fees.

18. Ronald Coleman, son of plaintiff's decedent, has exerted a lien against the Estate in the amount of $3, 130.00 for funeral expenses incurred as a result of his father's death. (See copy of invoice for funeral goods and services attached hereto as Exhibit "G.")

19. Plaintiff respectfully requests this Honorable Court approve this settlement, proposed allocation of and distribution of proceeds as set forth in the proposed Order attached hereto.

20. WHEREFORE, Petitioner respectfully requests that he be permitted to enter into the settlement recited above, and that the Court enter an Order of Distribution as follows:

| | | | |
|---|---|---|---|
| A. | To: Master, Weinstein, Schnoll & Dodig, P.C. Reimbursement of Costs | | $ 17,913.37 |
| B. | To: Master, Weinstein, Schnoll & Dodig, P.C. Counsel Fee equal to 25% of the recovery of adult beneficiary, Ronald Coleman | | $ 71,250.00 |
| C. | To: Ronald Coleman Reimbursement of Funeral Expenses | | $ 3,130.00 |
| D. | Wrongful Death Claim (90%) | | $ 173,435.96 |

        To: Ronald Coleman the only surviving beneficiary - son

E.    Survival Action (10%)                 $ 19,270.67
    To: Ronald Coleman - son

Respectfully submitted,

*Debra L. Frankel* (signature)

Debra Frankel, Esquire
Attorney for Plaintiff, Ronald Coleman,
Individually and as Administrator of the
Estate of Robert W. Coleman, Deceased

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased | : : : | CIVIL ACTION |
| VS. | : : | |
| UNITED STATES OF AMERICA | : : | NO. 04-3994 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR COURT APPROVAL OF SETTLEMENT, DISTRIBUTION, AND FEE AGREEMENT**

I. **LEGAL STANDARD**

The parties and counsel are typically in the best position to evaluate the settlement [and] their judgments are entitled to considerable weight. Chambers v. Hiller, 19888 WL 130679 at *2 (E.D. Pa. 1988). In approving a settlement, the Court must assess the reasonableness of the requested counsel fees. Nice v. Centennial Area School District, 98 F. Supp. 2d 665, 670. A balance must be struck between being a passive pro forma rubber stamp and being too intrusive in its consideration of the fairness of counsel fees. Id. At 671.

In assessing the effectiveness of counsel's performance, the Court should consider ten factors: (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was created by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) very importantly the amount of money in question.  Id.

The Court of Common Please of Philadelphia County has adopted a presumptive lodestar of 1/3 based on Local Rule 2039.2 (F).

II.     LEGAL ARGUMENT

    A.     **The proposed Settlement is fair and reasonable**

All parties to this action and their counsel support this proposed settlement, and have themselves judged it to be a fair and reasonable resolution of the dispute. Additionally, there are no unpaid medical expenses, there are obviously no future medical expenses or other expenses expected to be incurred as a result of this incident, and monetary recovery following trial is far from certain. Given the information which evolved during the course of discovery, it is the opinion of Plaintiffs' counsel that this settlement is fair and reasonable.

    B.     **The proposed allocation is reasonable.**

It is proposed that the allocation of the global settlement of $285,000.00 be allocated with Ninety (90%) percent (173,435.96) going to the Wrongful Death Claim and Ten (10%) percent ($19,270.67) being allocated to the Survival claim.

The Administrator of the Estate of Robert W. Coleman, deceased, agrees with the allocation. See Affidavit of Ronald Coleman attached hereto as Exhibit "D."

    C.     **The proposed counsel fee and costs are fair & reasonable.**

The entire settlement fund in this case was created through the efforts of counsel. Substantial discovery has taken place and thousands of documents have been exchanged. Six depositions were taken by Plaintiff's counsel, four of which were doctor's depositions. Plaintiff's counsel retained and secured opinions from three experts in the fields of oncology, internal medicine, and doubling time of cancer. Through the efforts of counsel, it was discovered that

further evaluation was required of Decedent's abnormal x-ray results, yet no further evaluation was ever completed, thereby delaying a diagnosis and/or treatment for eleven months.

Under the circumstances, it is believed that plaintiffs' counsel has earned a fee equal to twenty-five percent of the settlement, and that such a fee would be fair and reasonable. Attached as Exhibit "F" are the Affidavits of Christopher T. Moyer, Esquire and Debra L. Frankel, Esquire regarding their educational background, experience, and work completed on this file.

As discussed, plaintiffs' counsel contends that the amount of work performed was substantial and that the character of services rendered was solely responsible for the result obtained. The difficulty of the problems involved in this litigation were substantial. Moreover, Plaintiff's counsel bore the risk that in the event there was no recovery, Plaintiffs' counsel would not only receive no compensation for the time expended, but would receive no reimbursement for the out of pocket expenses advanced by Plaintiffs' counsel.

Although the combined global settlement of $285,000.00 may appear very modest on its face, in light of the Wrongful Death and Survival Claim brought on behalf of the Estate, this recovery is clearly tempered by the issues relating to liability, namely the proposed defense that there was no causation and that Plaintiff did not die of lung carcinoma.

    D.    **The Proposed Distribution is Appropriate and Required Under Pennsylvania Law.**

Robert Coleman died intestate. At the time of his death, Mr. Coleman was 70 years old. He was survived only by his son, Ronald Coleman. Under Pennsylvania law, "beneficiaries of a Wrongful Death Action share according to the law of intestate distribution

WHEREFORE, it is respectfully requested that this Honorable Court approve the settlement of the above action, the allocation of proceeds, and the distribution of proceeds, as set forth in the attached proposed Order.

Respectfully submitted,

_____
Debra L. Frankel, Esquire
Master, Weinstein & Dodig, P.C.
1818 Market Street, Suite 3620
Philadelphia, PA 19103
(215) 561-2800
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased | : : : | CIVIL ACTION |
| VS. | : : | |
| UNITED STATES OF AMERICA | : | NO. 04-3994 |

**AFFIDAVIT OF RONALD COLEMAN**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : SS: | |
| CITY OF PHILADELPHIA | : | |

Ronald Coleman, Administrator of the Estate of Robert W. Coleman, deceased, being duly sworn according to law, deposes and say as follows:

1. That I am the plaintiff/petitioner herein, having been appointed as Administrator of the Estate of Robert W. Coleman, deceased, by the Register of Wills of Philadelphia County on December 11, 2003.

2. That I am the son of Robert W. Coleman, deceased.

3. That Robert W. Coleman, decedent, left no Will at the time of his death, and as such I am the intestate heir of his estate.

4. That I have read the attached Petition for Approval of Settlement of the Wrongful Death and Survival Act claims, and that the facts set forth in the within paragraphs of the Petition are true and correct to the best of my knowledge, information and belief;

5. That I believe that the global settlement amount of Two Hundred Eighty Five Thousand ($285,000.00) Dollars is reasonable, and that I am satisfied with and approve of the global settlement amount pertaining to the claims presented on behalf of the Estate of Robert W. Coleman, deceased.

6. I agree to the proposed allocation of the settlement proceeds, as recited in the foregoing Petition to Settle Wrongful Death and Survival Actions.

7. That I am satisfied with the representation provided by Debra L. Frankel, Esquire and Christopher T. Moyer, Esquire of the firm of Master, Weinstein & Dodig, P.C.

*/s/ Ronald Coleman*
Ronald Coleman

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 23rd DAY OF
August, 2005

*/s/ Kelly M. Minniti*
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KELLY M. MINNITI, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 3, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased<br>VS.<br><br>UNITED STATES OF AMERICA | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>NO. 04-3994 |

### STATEMENT OF COUNSEL

I, Debra Frankel, Esquire, certify that I am the attorney for the Plaintiff/Petitioner in this litigation, and that I have fully investigated this matter. In my opinion, the settlement of Plaintiff's claims against the Defendant for the total sum of Two Hundred Eighty Five Thousand ($285,000.00) Dollars represents a fair and reasonable settlement under all of the circumstances of this case, and further, the allocation of the settlement funds between the Wrongful Death Act and Survival Act claims as specified herein is reasonable and appropriate.

After consulting with the Administrator of the Estate, Ronald Coleman, I felt that the settlement offer of Two Hundred Eighty Five Thousand ($285,000.00) Dollars under the circumstances was fair and reasonable.

MASTER, WEINSTEIN & DODIG, P.C.

_____
Debra Frankel, Esquire
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD COLEMAN, Individually and as Administrator of the Estate of ROBERT W. COLEMAN, deceased<br>VS. | : : : : : | CIVIL ACTION |
| UNITED STATES OF AMERICA | : | NO. 04-3994 |

<u>CERTIFICATE OF SERVICE</u>

I, **Debra Frankel, Esquire** hereby certify that a true and correct copy of the **Plaintiff's Petition for Approval of Settlement of Wrongful Death and Survival Action and for Approval of Counsel Fees** was served upon the counsel for Defendant listed below on August 23, 2005 via first-class mail and addressed as follows:

>Gerald B. Sullivan, Esquire
>U.S. Department of Justice
>Eastern District of Pennsylvania
>615 Chestnut Street, Suite 1250
>Philadelphia, PA 19106-4476

_____
**Debra Frankel, Esquire**
**Attorney for Plaintiffs**