```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RONALD COLEMAN,                  :    CIVIL ACTION
                                 :    NO.  04-3994
          Plaintiff,             :
                                 :
     v.                          :
                                 :
UNITED STATES of AMERICA,        :
                                 :
          Defendant.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         SEPTEMBER 13, 2005


      This wrongful death and survival action was settled in July 2005.  Plaintiff Ronald Coleman, the only son of decedent Robert Coleman and the administrator of his father's estate, filed this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Specifically, plaintiff alleged that the Veterans Administration negligently failed to diagnose and/or treat plaintiff's decedent in connection with a chest x-ray plaintiff's decedent underwent on March 8, 2002.  Plaintiff is the only surviving heir and beneficiary of decedent.  The Court held a hearing on September 9, 2005 to address attorneys' fees and the allocation of settlement funds.[1]

---

[1] Court approval of the allocation of a settlement is necessary where wrongful death and survival actions are settled for a single amount.  <u>Moore v. Gates</u>, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990).

The total gross settlement in the action is $285,000. Plaintiff requests ninety percent (90%) of the settlement funds be allocated to the wrongful death claim and ten percent (10%) to the survival claim. Plaintiff also requests approval of a twenty-five percent (25%) counsel fee. The allocation and attorneys' fees are appropriate.

I.  APPLICABLE LAW

Although jurisdiction in this case is based on federal question jurisdiction, the court will apply Pennsylvania substantive law to the allocation of settlement funds and the approval of attorney's fees. The "settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally covered by state law." Mowrer v. Warner-Lambert Co., 2000 WL 974394, at *5 (E.D.Pa. 2000); see also Nice v. Centennial Sch. Dist., 98 F. Supp.2d 665, 668 (E.D. Pa. 2000) (if state law on an issue is well-developed, federal law does not provide a rule of decision, and application of state law will not impinge upon any federal interest, a federal court may apply state law).

II. THE SETTLEMENT ALLOCATION

Under Pennsylvania law, a wrongful death action is brought by a decedent's relatives on their own behalf to recover damages for pecuniary loss suffered by the loss of decedent's

future contributions.  A survival action is brought on behalf of decedent for pain and suffering and loss of income suffered before death.  See, e.g., 2 Summ. Pa. Jur. 2d Torts § 25:5.

Plaintiff contends the proposed allocation is reasonable based on the decedent's future pension earnings, the reasonable value of support decedent would have provided to plaintiff, and the fact that the decedent's pain and suffering was alleviated through medication before his death.  Plaintiff's counsel represented to the court that in three Pennsylvania cases the wrongful death and survival claims were allocated similarly to the present proposal.

Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependants over the estate beneficiaries.  See, e.g., Krause v. B & O Railroad, Pa. D & C.3d 458, 471 (C.P. 1983) (priority given to the wrongful death claim over the survival claim is reinforced by "the natural preference for compensation for needy dependants for loss over windfall inheritances."); 2 Summ. Pa. Jur. 2d Torts § 25:61.

In this case, plaintiff Ronald Coleman is the sole heir and beneficiary of decedent, and he has agreed to the proposed allocation.  (Pl.'s Pet., Pl.'s Aff.)  It appears that only the proceeds allocated to the survival action are subject to inheritance tax.  The Pennsylvania Department of Revenue has approved the proposed allocation.  (Pl.'s Pet., Ex. C.)

Considering there are no objections to the allocation, the allocation is not unreasonable in light of Pennsylvania law, and the beneficiary of both actions is the same individual, the allocation of settlement funds is appropriate.

III. ATTORNEYS' FEES

Counsel also asks for approval of attorneys' fees. In this case, plaintiff signed a Contingent Fee Agreement with the law firm of Master, Weinstein, Schnoll & Dodig, P.C. for 25% of any settlement funds plus expenses.  (Pl.'s Pet., Ex. E.) Plaintiff is satisfied with the representation provided.  (Pl.'s Pet., Pl.'s Aff.)  Ordinarily, contingent fees are not subject to approval by the court except in the case of a minor or an incompetent.  See, e.g., In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, 2004 WL 1243736, at *2 (E.D. Pa. 2004).  In any case, the requested fee in this case comports with the allowable recovery under the Federal Torts Claims Act, 28 U.S.C. § 2678 (2005), the statute under which this action was brought, and is fair and reasonable.

IV. CONCLUSION

The proposed settlement allocation and requested attorneys' fees are approved.